UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LLIMMY RODRIGUEZ JIMENEZ,

            Petitioner,

    v.

PAMELA BONDI, *et al.*,

            Respondents.

Case No. C25-2167RSM

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

      This matter comes before the Court on Petitioner Llimmy Rodriguez Jimenez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Dkt. #1. The Court has reviewed the petition, the Return filed by the Government, Dkt. #7, a Reply, Dkt. #10, and the remainder of the record. The following facts are taken from the verified petition and a declaration of a deportation officer submitted by the Government. *See* Dkts. #1, #9.

      Petitioner is a citizen of Cuba who entered the United States on July 1, 1996, without inspection. He surrendered himself to Immigration and Naturalization Service ("INS") in 1997 and was charged with deportability at that time. He applied for asylum using Form I-589, which was denied. On October 6, 1998, an immigration judge in Buffalo, New York, granted the

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 - 1

Petitioner voluntary departure to Cuba in lieu of deportation. On April 27, 1999, the Board of Immigration Appeals ("BIA") denied the Petitioner's appeal of the decision as untimely. Petitioner failed to leave the United States within the allowed time period, resulting in the order automatically converting to a final order of deportation. Petitioner was then placed on an Order of Supervision to monitor his compliance with immigration requirements while remaining in the community.

Petitioner was re-detained by the Department of Homeland Security ("DHS") on May 27, 2025. Before re-detaining him, Respondents did not provide Mr. Rodriguez with an individual determination about the likelihood of removal based on changed circumstances, nor did they follow it with a notice and opportunity to respond.

The Government contends that Petitioner's Order of Supervision was revoked on May 27, 2025, because of changed circumstances. *See* Dkt. #9 at 2. The Government attaches a "Notice of Revocation of Release" dated May 27, 2025. *See* Dkt. #8-1. That notice states "The Government of CUBA has issued a travel document for your removal." *Id*. The attached "proof of service" indicates that this Notice was served on Petitioner on "5/25/2025," two days before it was written. The proof of service has a signature line for detainee, blank, and is again dated "5/25/2025." *Id*. at 3.

Federal courts have authority to grant writs of habeas corpus to an individual in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). In this case, Petitioner contends that his arrest and detention violate the Due Process Clause of the Fifth Amendment to the United States Constitution, which prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. Amend. V. The right to due process extends to "all 'persons'

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 - 2

within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001).

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id*. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S. Ct. 1187, 14 L. Ed. 2d 62 (1965)). Determining whether an administrative procedure provides the process constitutionally due:

> generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id*. at 335.

In *Rodriguez Diaz v. Garland*, the Ninth Circuit assumed without deciding that *Mathews'* three-part test applies in "the immigration detention context." 53 F.4th 1189, 1206-07 (9th Cir. 2022). The parties both discuss the application of the *Mathews* text applies here, and the Court will consider each *Mathews* factor in turn to determine whether Petitioner's arrest and detention comport with constitutional due process requirements. In so doing, the Court is mirroring the application of this test used by other judges in this District. *See, e.g., E.A. T.-B. v. Wamsley, et al.*, No. 25-1192-KKE, -- F. Supp. 3d --, 2025 WL 2402130 (W.D. Wash. Aug. 19, 2025).

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 - 3

Petitioner's interest in not being detained is "the most elemental of liberty interests[.]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529, 124 S. Ct. 2633, 159 L. Ed. 2d 578 (2004). That Petitioner was arrested, detained for months, and remains in custody undoubtedly deprives him of an established interest in his liberty.

The second *Mathews* factor considers whether a particular process results in a risk of erroneous deprivation of a protected interest. The Court agrees with Petitioner that the risk of erroneous deprivation of his liberty interest is high under the facts of this case unless the Government provides adequate notice of the reasons for his re-detention and a meaningful opportunity to respond.

In the final *Mathews* factor, the Court considers the Government's interest in arresting and detaining Petitioner without a hearing. The Government clearly has an interest in detaining removable non-citizens under certain circumstances to the extent needed to ensure that they do not abscond or commit crimes. But where Petitioner has been living for years in the United States with permission under an Order of Supervision, and there is insufficient evidence of a change in his particular factual circumstances prior to arrest, the Government fails this factor. The Government repeatedly claims that Cuba has issued a travel document for Petitioner without producing the document or arranging a prompt deportation. There is no evidence on the record that he is a flight risk or danger to the community. The Court finds that the Government's interest here is low. *See also E.A. T.-B., supra*.

Based on this review of the *Mathews* factors, the Court finds that Petitioner has a protected liberty interest in his continuing release from custody, and that due process requires that Petitioner receive proper notice and an opportunity to respond before he can be re-detained.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 - 4

Petitioner also contends that his re-detention violates 8 C.F.R. § 241.13. That regulation states, in part, that "[t]he Service may revoke an alien's release under this section and return the alien to custody if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." 8 C.F.R. §§ 241.13(i)(2). The regulation also states, "[u]pon revocation, the alien will be notified of the reasons for revocation of his or her release," and that there will be "an initial informal interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification." 8 C.F.R. §§ 241.13(i)(3). The Government admits in its Return that "Federal Respondents are unable to confirm whether Petitioner received an informal interview pursuant to 8 C.F.R. § 241.13(i)(3)." Dkt. #7 at 6.

This Court recently ordered the immediate release of a petitioner in a similar circumstance finding that the regulations certainly appear to require "an individualized determination about the likelihood of removal based on changed circumstances, followed by notice and an opportunity to respond." *Phetsadakone v. Scott*, No. 2:25-cv-01678-JNW, 2025 U.S. Dist. LEXIS 173785, at *8 (W.D. Wash. Sept. 5, 2025).

Petitioner has been held in re-detention for over six months. Although there is no statutory time limit on detention pursuant to 8 U.S.C. § 1231(a)(6), the Supreme Court has held that a noncitizen may be detained only "for a period reasonably necessary to bring about that [noncitizen's] removal from the United States." *Zadvydas*, 533 U.S. at 689. The Supreme Court has further identified six months as a presumptively reasonable time to bring about a noncitizen's removal. *Id*. at 701. Once it is determined that there is no significant likelihood of removal in the reasonably foreseeable future, noncitizens may be released on an Order of Supervision. 8 C.F.R. § 241.13(h). This can be revoked on account of changed circumstances where there is a

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 - 5

significant likelihood of the noncitizen's removal in the reasonably foreseeable future. 8 C.F.R. § 241.13(i)(2).

The Government's only evidence of "changed circumstances" here is their word that Cuba has issued a travel document. This is not attached to any declaration or otherwise submitted to the Court. Obviously for this circumstance to change in order to re-detain Petitioner, the travel document must have been issued back in May, if at all. The Court finds the Government's failure to deport Petitioner for six months weighs against the truth that such travel documents exist, or that they are sufficient to constitute a changed circumstance under the above law. Petitioner's removal is not likely in the reasonably foreseeable future. Accordingly, Petitioner's re-detention was unlawful and his continued detention presumptively unreasonable. Under the above law, immediate release is warranted.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Petitioner's habeas petition is GRANTED. The Court ORDERS that Petitioner shall be released from custody immediately and may not be re-detained without providing adequate notice of the reasons for his re-detention and a meaningful opportunity to respond.

DATED this 3rd day of December, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE